IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THOMAS A. SIMONIAN,** )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>) No. 10 C 1269<br>**MONSTER CABLE PRODUCTS, INC.,** )<br>)<br>    Defendant. )<br>)<br>) | |

## MEMORANDUM OPINION AND ORDER

Defendant Monster Cable Products, Inc. ("Monster") has moved to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). I have recently granted a motion to transfer venue in another false marking case brought by Simonian against a different defendant. *See Simonian v. Pella Corp.*, Case No. 10 C 1253, 8/5/10 Order, docket entry #23. For many of the same reasons stated in that opinion, I likewise grant Monster's motion to transfer.

Monster is a California corporation with its headquarters (and only office) located in Brisbane, California, which is within the judicial district of the Northern District of California. Plaintiff Thomas Simonian, who resides in Geneva, Illinois, brought this *qui tam* lawsuit alleging that Monster intentionally marked certain of its products with expired patent numbers in violation of

35 U.S.C. § 292.  The patent numbers appear on the product labels (known as "header cards"), not on the products themselves.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Transfer is appropriate where the moving party demonstrates the following: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice.  *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995).  The movant bears the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  I am not limited to the allegations in the complaint and may consider affidavits in addressing the motion to transfer.  *See, e.g.*, *Simes v. Jackson Nat'l Life Ins. Co.*, No. 05 C 3816, 2005 WL 2371969, at *2 (N.D. Ill. Sept. 22, 2005).  The weight accorded each factor is committed to the sound discretion of the court.  *Coffey*, 796 F.2d at 219.

Both parties agree that venue is proper both here and in the Northern District of California.  Therefore, I turn to the third prong of § 1404(a) and the question of whether transfer "will serve the convenience of the parties and the witnesses as well as the

interests of justice." 28 U.S.C. § 1404(a). In order to analyze the "private interests" involved, I must consider: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998).

First, as I noted in granting the motion to transfer venue in the *Pella* case, the plaintiff in a *qui tam* action is actually the federal government, not Simonian. Therefore, contrary to Simonian's suggestion otherwise, his choice of venue is not entitled to substantial deference. *See, e.g.*, *San Francisco Tech., Inc. v. Glad Prods. Co.*, No. 10-CV-00966 JF (PVT), 2010 WL 2836775, at *7 (N.D. Cal. July 19, 2010) (citing authority indicating that plaintiff's choice of venue in a *qui tam* action is entitled to less weight; finding plaintiff's choice of venue in false marking cases weighs only slightly against transfer).

Moreover, any deference due to Simonian's choice of venue is further lessened because the situs of most of the material events is in California. Although Monster sells the allegedly falsely marked products in this district (as it likely does in numerous other districts including the transferee district), the header cards were designed and approved by Monster at its Brisbane, California office, and the artwork associated with the header cards

was produced by Monster in California.[1] Because Monster's headquarters are located in California, all documentation concerning Monster's patents and its products is located in California. Beyond his proof of purchase (which is not disputed by Monster), plaintiff does not identify any evidence he has in his possession that would weigh against a transfer of venue. Nor does any such evidence seem likely given the fact that plaintiff brought this case as a *qui tam* action.

Finally, Monster has provided evidence via affidavit that Monster's witnesses are all located in California. There are eight current employees who, because of their job duties, may have information relevant to plaintiff's claims, and two of them are likely to be designated as Monster's Rule 30(b)(6) witnesses. In addition, there are approximately five former employees who are likely to be called as witnesses. Because these former employees live within the subpoena power of the Northern District of California, they would not be subject to the subpoena power of this court. Therefore, trying this case in the Northern District of Illinois would limit Monster's ability to compel witnesses to testify as part of its defense. In addition, Monster has indicated that it would be "unlikely" that plaintiff would be called as a

---

[1] I note that the final step of the process (actually putting the header cards into the products) occurred in neither possible venue as the cards were inserted into the products overseas. Therefore, this final step favors neither party.

witness, since Monster does not dispute that plaintiff purchased the products at issue in Illinois. Considering all of the above, the convenience of the witnesses factor heavily weighs in favor of transfer.

Likewise, the convenience of the parties favors transfer, as well. Plaintiff resides in Illinois and Monster's executives and employees all reside in the Northern District of California. Although plaintiff claims that litigating this case in California will be burdensome for him, plaintiff fails to develop this argument and provides no estimation of the costs he would incur in the event the case is transferred. Nor does he explain how his share of expenses would be impacted if the United States intervenes in this case. Significantly, all of Monster's employees and former employees reside in Northern California and would incur significant travel and lodging expenses (and miss work hours) to attend a trial in Chicago.[2] In the end, I conclude that this factor favors transfer.

Turning to the interest of justice factors, I must consider factors which relate to the "efficient administration of the court

---

[2]   Simonian argues that Monster should not be believed when it claims that it would suffer significant hardship litigating this matter in this district because Monster filed suit in the Northern District of Illinois in a different lawsuit, unrelated to this one. That case is not currently before me, and I have no way of determining whether the facts and circumstances of that case make it analogous to this one. Without this information, I reject plaintiff's argument.

system," such as "trying related litigation together, ensuring a speedy trial, and having the trial before a judge who is familiar with the applicable law." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009) (citing *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)). As Monster points out, the Northern District of California is well known for handling patent litigation, and undoubtedly the judges in that district are familiar with the applicable law. However, judges in this judicial district are equally familiar with the law surrounding patents, and thus I conclude that this factor favors neither party. Neither plaintiff nor Monster argue that there would be any difference in the availability of a speedy trial, and thus I find that this factor is neutral. In addition, there is no indication by either party that this case would be combined with any related case (either here or in California), so I also view this factor as neutral.

Based on the above, I conclude that the balance of factors weighs in favor of transferring this case to the Northern District of California. Monster's motion to transfer is granted.

           **ENTER ORDER:**

           */s/ Elaine E. Bucklo*
           **Elaine E. Bucklo**
           United States District Judge

DATED: November 22, 2010