**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN, | ) Case No.: 10-CV-05544-LHK |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING PLAINTIFF |
| | ) LEAVE TO FILE SECOND AMENDED |
| MONSTER CABLE PRODUCTS, INC., | ) COMPLAINT |
| | ) |
| Defendant. | ) |
| | ) |

I. INTRODUCTION AND BACKGROUND

On February 24, 2010, Thomas A. Simonian (Plaintiff) filed a complaint alleging false patent marking against Monster Cable Products, Inc. (Defendant) in the Northern District of Illinois. On March 5, 2010, Plaintiff filed a First Amended Complaint (FAC). On November 22, 2010, Judge Bucklo granted Defendant's motion to transfer the case to this District. Accordingly, the case was transferred to the Northern District of California on December 7, 2010. On March 14, 2011, Defendant filed a motion to dismiss Plaintiff Thomas Simonian's First Amended Complaint ("FAC") for False Patent Marking. On March 15, 2011, after Defendant filed its motion, the Federal Circuit issued a decision clarifying the pleading standard applicable to false marking claims under 35 U.S.C. § 292. *In re BP Lubricants USA Inc.*, --- F.3d ----, 2011 WL 873147, Misc. No. 960 (Fed. Cir. Mar. 15, 2011). Pursuant to the Federal Circuit's decision, "Rule 9(b)'s particularity requirement applies to false marking claims and . . . a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id.* at *1.

1

1    Plaintiff filed both an opposition to Defendant's motion to dismiss as well as a motion for
2    leave to file a Second Amended Complaint ("Motion," "SAC") in light of *BP Lubricants*. *See* Dkt.
3    Nos. 73, 74. In the Motion, Plaintiff appeared to concede that the FAC was deficient in light of the
4    *BP Lubricants* standard. Accordingly, the Court deemed the FAC dismissed and found
5    Defendant's motion to dismiss the FAC moot. The Court has considered the briefing submitted by
6    the parties relating to the Motion, and finds this matter suitable for decision without oral argument.
7    *See* Civ. L. R. 7-1(b). Accordingly, the hearing and further case management conference set for
8    June 16, 2011 at 1:30 p.m. are hereby VACATED. The case schedule in the Court's March 2, 2011
9    Case Management Order remains as set. In addition, a further Case Management Conference is set
10   for September 21, 2011 at 2 p.m. For the reasons set forth below, the Court GRANTS Plaintiff
11   leave to file the SAC.

12       II.    LEGAL STANDARD

13   Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a
14   matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period
15   has passed, amendment is permitted only with the opposing party's written consent or leave of the
16   court. *Id.* 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so
17   requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is
18   not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)
19   (internal citation and quotation marks omitted). Courts commonly consider four factors when
20   determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue
21   delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v.*
22   *Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980,
23   986 (9th Cir. 1999). Of these factors, prejudice to the opposing party is the most important.
24   *Jackson*, 902 F.2d at 1387.

25       III.    APPLICATION

26   Defendant does not oppose Plaintiff's amendment of his complaint on any of the grounds
27   mentioned above (bad faith, undue delay, prejudice, or futility). Instead, Defendant argues that
28   Plaintiff's complaint should be additionally amended to add a reference to one of its patents, U.S.

2
Case No.: 10-CV-05544-LHK
ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT

Patent D549,174S (the '174 Patent). Defendant argues that this patent "either covers or would reasonably seem to cover" several of the products Plaintiff alleges were mismarked. Opp'n to Mot. at 3-4. Defendant asserts this argument because "the existence of this patent is germane to pleading plausibly that Defendant had specific intent to deceive the public." *Id*. at 4.

Essentially, Defendant asks the Court to order Plaintiff to include a reference to the '174 Patent because it is relevant to one of Defendant's claimed defenses. Defendant cites no authority for this position, and the Court is unaware of any authority that would support such an order. Generally, of course, "the plaintiff is the master of the complaint . . . ." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 91 (U.S. 2005). If Defendant wishes to reference its '174 Patent in connection with a motion to dismiss the SAC, it may certainly do so. While the Court declines to take judicial notice of this patent now (as there is no reason to do so), it will entertain a request for judicial notice in connection with Defendant's motion to dismiss. As Defendant points out, the Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because the '174 Patent is a U.S. Patent, its contents can readily be determined. If it is appropriate to do so, the Court will take notice of the '174 Patent in connection with Defendant's motion to dismiss.

IV. CONCLUSION

Other than Defendant's unsupported request to add reference to the '174 Patent to the SAC, Defendant does not oppose Plaintiff's motion for leave to amend the complaint. Accordingly, Plaintiff's motion is hereby GRANTED. Plaintiff shall file the SAC within 2 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 8, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No.: 10-CV-05544-LHK
ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT